## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: FLUOROQUINOLONE PRODUCTS LIABILITY LITIGATION | MDL No. 15-2642 (JRT) |
| ———————————————— | ———————————————— |
| This Document Relates to: | |
| Civil No. 16-388 (JRT)<br>*Buries v. Johnson & Johnson et al.* | |
| Civil No. 16-389 (JRT)<br>*Bohannon. v. Johnson & Johnson et al.* | **ORDER ON MOTIONS** |
| Civil No. 16-390 (JRT)<br>*Misakian v. Bayer Healthcare Pharmaceuticals, Inc. et al*. | **FOR REMAND** |
| Civil No. 16-391 (JRT)<br>*Hulsh v. Bayer Healthcare Pharmaceuticals, Inc. et al.* | |

Ahmed S. Diab, Kristen Barton, and Lindsay R. Stevens, **GOMEZ TRIAL ATTORNEYS**, 655 West Broadway, Suite 1700, San Diego, CA 92101, for plaintiffs.

Andrew K. Solow and Lori B. Leskin, **KAYE SCHOLER LLP**, 250 West 55th Street, New York, NY 10019; Cicely R. Miltich, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for Bayer Healthcare Pharmaceuticals Inc. and Bayer Corp.

James F. Murdica, **BARNES & THORNBURG, LLP**, One North Wacker Drive, Suite 4400, Chicago, IL 60606; John D. Winter, **PATTERSON BELKNAP WEBB & TYLER, LLP**, 1133 Avenue of the Americas, New York, NY 10036; Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS PA**, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, for Johnson & Johnson; Johnson & Johnson Pharmaceutical Research & Development, L.L.C.; and Janssen Pharmaceuticals, Inc.

Four plaintiffs[1] whose cases were removed to the Northern District of California and then transferred into the Fluoroquinolone Multi-District Litigation ("MDL") seek remand back to California state court. They argue that removal was improper because the Court lacks diversity jurisdiction. The Court finds that in the interests of judicial economy and for efficient handling of the MDL, it will defer ruling on the motion to remand, and directs the parties to file additional briefing with the Court.

## ANALYSIS

Plaintiffs are California citizens who allege that they developed peripheral neuropathy after using Cipro, Levaquin, or the generic versions of the drugs, including ciprofloxacin and levofloxacin. The Defendants include non-California drug manufacturers[2] and a California-based distributor, McKesson Corp. The four complaints were filed in California state court on August 13, 2015, and removed to federal court in September and October 2015. The four complaints are nearly identical, aside from providing particular drugs, dates, and pharmacies of purchase. (*See* Notice of Removal, Ex. A ("*Hulsh* Compl."), Oct. 16, 2015, Case No. 16-391, Docket No. 1; Notice of Removal, Ex. A ("*Misakian* Compl."), Oct. 16, 2015, Case No. 16-390, Docket No. 1; Notice of Removal, Ex. 6 ("*Bohannon* Compl."), Sept. 18, 2015, Case No. 16-389, Docket No. 1; Notice of Removal, Ex. 6 ("*Buries* Compl."), Sept. 18, 2015, Case No. 16-

---

[1] The four plaintiffs are Don Buries, Latonya Bohannon, Jonathan Hulsh, and Frederick Misakian.

[2] Bayer Healthcare Pharmaceuticals, Inc.; Bayer Corporation; Johnson & Johnson; Johnson & Johnson Pharmaceutical Research & Development, L.L.C.; and Janssen Pharmaceuticals, Inc.

388, Docket No. 1.)  All of the complaints allege claims of fraud, negligent misrepresentation, and fraudulent concealment against all defendants, and a claim of "Strict Liability – Failure to Warn" against McKesson.  The complaint in *Buries* alleges additional claims against Johnson & Johnson and McKesson for strict liability based on a design defect and negligence, and breach of express and implied warranties.  (*Buries* Compl. ¶¶ 102-109, 125-141.)  The allegations against McKesson are essentially that on "information and belief," it distributed the drug that the plaintiffs' ingested.  (*See, e.g.*, *Misakian* Compl. ¶¶ 13, 25-26.)

On March 14, 2016, Plaintiffs filed the instant motions for remand, arguing that the Court lacks diversity jurisdiction.  They filed separate briefs, but aside from a few specific facts, the briefs are identical.  Defendants filed an omnibus response to all four motions, and Plaintiffs filed an omnibus reply.  Defendants concede that McKesson's principal place of business is in California, which would defeat complete diversity; however, they argue that the Court should either defer ruling until more information is available, or, if the Court reaches the merits, it should deny remand based on the fraudulent joinder doctrine because Plaintiffs do not genuinely intend to pursue claims against McKesson and there is no reasonable basis for a claim against McKesson.

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court.  *See* 28 U.S.C. § 1441(b); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000).  The party seeking removal bears the burden of demonstrating that removal was proper and "all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep.*

*Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).  "While it usually is advisable for district courts to rule on any challenge to subject matter jurisdiction early in a lawsuit, district courts have broad scope to manage their own dockets in light of considerations of 'economy of time and effort for itself, for counsel, and for litigants.'" *In re Zyprexa Prods. Liab. Litig.*, 594 F. 3d 113, 127 (2d Cir. 2010) (Kaplan, J., concurring) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  This principle is particularly true in the MDL context because "MDL courts must be given greater discretion to organize, coordinate and adjudicate [their] proceedings."  *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

Here, Plaintiffs' argument that there is no diversity jurisdiction rests entirely on their claims against McKesson – the California defendant.  Those claims are based on allegations that McKesson was the distributor of the particular drugs taken by Plaintiffs – allegations made entirely on "information and belief." (*See, e.g., Misakian* Compl. ¶¶ 13, 25-26.)  If those allegations prove false, Plaintiffs' would likely drop their claims against the only non-diverse defendant, and the cases would properly be heard in federal court.  Thus, the Court will defer ruling on the motion to remand at this time.  After the initial materials are provided by Plaintiffs, which will likely either support or undermine the pleadings against McKesson, the Court will revisit the motion.  The Court makes this decision in the interests of judicial economy and in light of the purpose of MDLs – "coordinated or consolidated pretrial proceedings" for cases "involving one or more common questions of fact" in order to "promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).

- 5 -

As of the date of this order, the information necessary to determine if McKesson is a proper party to this action should have been provided to Defendants. The Court therefore directs the parties to file brief memoranda within seven days of this order, advising the Court of how the information provided affects the motions to remand, and what they believe the proper next steps are after considering this order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **DEFERS** ruling on Plaintiffs' Motions to Remand [Case No. 16-388, Docket No. 52; Case No. 16-389, Docket No. 49, Case No. 16-390, Docket No. 41; Case No. 16-391, Docket No. 36].

DATED: August 5, 2016  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court