# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE FLUOROQUINOLONE PRODUCTS LIABILITY LITIGATION | Civil No. 15-md-2642-JRT |
| THIS DOCUMENT RELATES TO: ALL CASES | **ORDER APPOINTING LIEN RESOLUTION ADMINISTRATOR AND AUTHORIZING DISCLOSURE OF PLAINTIFFS' PROTECTED HEALTH INFORMATION** |

Before the Court is the Uncontested Motion of Plaintiffs' Co-Lead Counsel (the "PLC") to Appoint a Lien Resolution Administrator and to Authorize Disclosure of Plaintiffs' Protected Health Information (the "Motion"), filed on March 5, 2018. Having considered the Motion, the record of these proceedings, the arguments and recommendation of the PLC, and the requirements of law, the Court hereby **GRANTS** the Motion. Accordingly, pursuant to 45 C.F.R. § 164.512(a), (e)(1)(i),

**IT IS ORDERED** as follows**:**

1.  Garretson Resolution Group ("GRG") is appointed as the Lien Resolution Administrator for the confidential Settlement Agreement ("Settlement") reached between Johnson & Johnson, Janssen Research & Development, LLC, and Janssen Pharmaceuticals, Inc., and Plaintiffs represented by Baron & Budd, P.C. and Robins Cloud, LLP (hereinafter "Plaintiffs").

2. GRG, as the Lien Resolution Administrator for the above referenced Settlement, is authorized to act as the agent for Plaintiffs for the purpose of identifying and resolving potential liens or recovery claims for medical items, services, and/or prescription drugs related to the above referenced Settlement with all Healthcare Entities in any manner deemed necessary or advisable by GRG, including, but not limited to, (a) *en masse* data submissions with Healthcare Entities for the purpose of identifying healthcare coverage and related claims itemizations for Plaintiffs, and (b) accessing Internet-based healthcare coverage information sources, including, but not limited to, www.mymedicare.gov.  GRG's obligation to resolve any such liens or recovery claims, however, shall be governed by the terms of GRG's contract(s) with the PLC and nothing in this Order shall be construed to impose any duties or obligations on GRG.

3. GRG, as the Lien Resolution Administrator for the above referenced Settlement, is exclusively authorized to develop and administer a uniform and consolidated process with the Centers for Medicare and Medicaid Services ("CMS") for the global identification and resolution of Medicare Part A and/or Part B fee-for-service reimbursement claims on behalf of all Plaintiffs who are or were Medicare beneficiaries.

4. Any Healthcare Entity who receives a request from GRG, in the performance of its functions and duties as the Lien Resolution Administrator, for a Plaintiff's Protected Health Information is authorized and required to disclose that information to GRG in response to the request.  If GRG requests that the Healthcare Entity disclose Plaintiffs' Protected Health Information in a list or other aggregated format, the Healthcare Entity may disclose Plaintiffs' Protected Health Information to

GRG in the format requested in lieu of submitting such information on a case-by-case basis.

5. GRG is authorized to disclose a Plaintiff's Protected Health Information to Healthcare Entities in the performance of its functions and duties as the Lien Resolution Administrator. In making such disclosures, GRG is authorized to disclose Plaintiffs' Protected Health Information to Healthcare Entities in lists or other aggregated formats in lieu of submitting such information on a case-by-case basis.

6. Consistent with 45 C.F.R. § 164.512(a),(e)(1)(i), HIPAA authorizations are not required for any disclosure requested or made pursuant to this Order.

7. As used herein, "HIPAA" shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

8. As used herein, "Healthcare Entity" means any Governmental Payor, Medicare Part C Program sponsor, other private health plan (whether insured or self-funded), payor, or provider, or other Covered Entity, and any Business Associate of one of the foregoing persons or entities.

9. As used herein, "Governmental Payor" means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds,

pays, contracts for, or provides medical items, services, and/or prescription drugs. These include the federal Medicare fee-for-service (Parts A and B) program administered by CMS; the Medicare Secondary Payer Department; the Medicaid programs of each state and territory and of the District of Columbia; the Veterans Administration; the Defense Health Agency (previously managed by TRICARE); and Indian Health Services.

10. As used herein, "Medicare Part C Program" means the program under which Medicare Advantage, Medicare cost, and Medicare health care prepayment plan benefits are administered by private entities that contract with CMS.

11. As used herein, "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

12. As used herein, "Business Associate" has the meaning set forth in 45 C.F.R. § 160.103.

13. As used herein, "Protected Health Information" has the meaning set forth in 45 C.F.R. § 160.103.

DATED: March 13, 2018　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court